```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
─────────────────────────────────────
BEATA MUSIC LLC

                    Plaintiff,

        - against -
                                              18 cv 6354 (JGK)
DINO DANELLI, EDDIE BRIGATI, and JOHN
DOES 1-10,                                    MEMORANDUM OPINION AND
                                              ORDER
                    Defendants.
─────────────────────────────────────
DINO DANELLI and EDDIE BRIGATI

        Third-Party Plaintiffs,

        - against -

FELIX CAVALIERE and GENE CORNISH,

        Third-Party Defendants.
─────────────────────────────────────
```

**JOHN G. KOELTL, District Judge:**

Beata Music LLC ("Beata Music") brought this action for declaratory relief against the defendants, Dino Danelli, Eddie Brigati, and John Does 1-10, seeking clarification of trademark ownership and obligations under a settlement agreement. The trademark ownership concerns the rights of band members of The Rascals to perform live under the name "The Rascals." Danelli and Brigati filed an answer to the complaint that included affirmative defenses. Danelli and Brigati also filed counterclaims against the plaintiff and third-party claims against third-party defendants Felix Cavaliere and Gene Cornish.

1

Beginning in about November 2019, after filing the answer, counterclaims, and third-party claims, Danelli has failed to participate in this litigation. Danelli's counsel withdrew from the case because they could not contact Danelli. The plaintiff and the third-party defendants move to dismiss Danelli's counterclaims and third-party claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41. The plaintiff also moves for a default judgment against Danelli pursuant to Federal Rules of Civil Procedure 55, 16, and 37. As explained below, both motions are **granted**.

## I. Background

The Rascals is a widely-recognized band that has been inducted into the Rock and Roll Hall of Fame and the Vocal Group Hall of Fame. Am. Compl. ¶ 8. The classic lineup of the band includes Felix Cavaliere, Gene Cornish, Eddie Brigati, and Dino Danelli, also known as Robert Daniels. Id. ¶¶ 6-7, 10-11. As a result of past litigation and settlement agreements, the rights of subsets of the founding members of the band to tour as "The Rascals" have been limited. See id. ¶¶ 22-28. Cavaliere and Cornish wish to tour again as "The Rascals" without Brigati or Danelli. Id. ¶ 29. Beata Music alleges to be the assignee of Cavaliere's and Cornish's trademark rights to the name "The Rascals" and filed this suit for declaratory relief to clarify those rights. Id. ¶ 9. Danelli and Brigati dispute the legal

rights of Cavaliere and Cornish to tour as "The Rascals" without Danelli and Brigati.

The plaintiff filed this suit in 2018 in the United States District Court for the Central District of California, and the case was transferred to this Court on July 13, 2018. See ECF No. 6. On August 23, 2018, defendants Brigati and Danelli filed their answer, which asserted several affirmative defenses and counterclaims. See ECF No. 30. Danelli and Brigati also brought a third-party action against Cavaliere and Cornish for breach of contract. See ECF No. 31. Based on a report that settlement was imminent, this Court entered an Order of Discontinuance on December 20, 2018 that gave the parties 30 days to reopen the case if settlement could not be achieved. ECF No. 47. However, the parties could not finalize a settlement and this Court reopened the case and referred the matter to the Magistrate Judge for purposes of settlement.

The parties subsequently had several settlement conferences before the Magistrate Judge. On December 12, 2019, Danelli's counsel acknowledged at a settlement conference that they were not able to contact Danelli, who was having health problems. Bjorgum Decl. ¶ 7. Danelli also failed to produce written discovery in response to discovery requests. Id. ¶ 8. On May 12, 2020, the plaintiff and third-party defendants filed a letter brief asking that Danelli's claims be dismissed for lack

3

of prosecution.  This Court ordered that any motion to dismiss should be served on Mr. Danelli, and that "[i]f Mr. Danelli fails to respond to the motion within 17 days, the Court may grant the motion on the papers submitted, in which event Mr. Danelli will have no trial on his counterclaims."  ECF No. 82.  On May 23, Beata Music, Cavaliere, and Cornish filed a motion to dismiss Danelli's counterclaims and third-party claims for failure to prosecute.  ECF No. 83.

On May 27, 2020, Danelli's counsel filed a motion to withdraw, ECF No. 84, which included a declaration in which Danelli's counsel stated they could not reach Danelli after "dozens of attempts to reach him."  Salzler Decl. ¶ 15.  Danelli's counsel first lost contact with Danelli around November 2019.  Id. ¶¶ 8-9.  The Magistrate Judge ordered that Danelli should submit a response by no later than July 10, 2020 if he would like to be heard on the motion by his counsel to withdraw.  ECF No. 94.  The Magistrate Judge gave Danelli the option of filing a response, emailing chambers, mailing a response, or calling chambers for further instructions.  Id.  After Danelli failed to respond, on July 29, 2020, the Magistrate Judge granted Danelli's counsel's motion to withdraw.  ECF No. 96.  The Magistrate Judge ordered that Danelli provide the Pro Se Office with his address and telephone number by August 7, 2020 and attached instructions for how to contact that

4

office.  Id.  The Order also cautioned that, if Danelli elects to proceed pro se, then he would be expected to defend the action against him and prosecute his counterclaims and third-party claims.  Id.  The Magistrate Judge warned that Danelli's "failure to provide current contact information to the Court, and to participate in the litigation as required, may result in the entry of a default judgment against him on Plaintiff's claims, and the dismissal of his third-party claims for failure to prosecute."  Id.  That Order was served on Danelli by Danelli's withdrawn counsel.  ECF No. 97.  After the withdrawal of counsel, Danelli has not appeared in this case despite numerous attempts to reach him by the other parties and Orders of the Magistrate Judge.

The plaintiff and third-party defendants now move to dismiss Danelli's counterclaims and third-party claims for failure to prosecute, and the plaintiff moves for a default judgment against Danelli.[1]  The case continues in discovery as between Beata Music, Brigati, Cavaliere, and Cornish.

## II.  Dismissal for Failure to Prosecute

The plaintiff and the third-party defendants move to dismiss Danelli's counterclaims and third-party claims for failure to prosecute.  Federal Rule of Civil Procedure 41(b)

---

[1] On December 28, 2020, the plaintiff and third-party defendants renewed their motion.  ECF No. 110.  Danelli has not responded to the renewed motion and the time for him to respond has passed.  See Local Civ. R. 6.1(b).

authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995).[2] A district court contemplating dismissal of the claims of a plaintiff, counterclaimant, or third-party claimant for failure to prosecute or failure to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or noncompliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) [the court's] interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5) ... the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). See United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 254 (2d Cir. 2004); see also Avila v. Comm'r of Soc. Sec., No. 15-cv-2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016).

Dismissal under Federal Rule of Civil Procedure 41(b) is a "harsh remedy and is appropriate only in extreme situations."

---

[2] Unless otherwise indicated, this Memorandum Opinion and Order omits all emphasis, citations, quotations, and alterations in quoted text.

6

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996).  Courts should be hesitant about dismissing cases when the failure is by a pro se litigant.  See id.; see also Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998) ("[A]lthough we review Rule 41(b) dismissals for an abuse of discretion, . . . deference is due to the district court's decision to dismiss a pro se litigant's complaint only when the circumstances are sufficiently extreme.").  In this case, consideration of the relevant factors demonstrates that dismissal is warranted.

The first factor is the duration of the plaintiff's failure to prosecute.  While there is no bright-line rule indicating when dismissal pursuant to Rule 41(b) becomes appropriate, months-long delays can be substantial enough to warrant dismissal.  See, e.g., Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666-68 (2d Cir. 1980) (affirming dismissal after 6-month delay); Lopez v. Catholic Charities of the Archdiocese of N.Y., 2001 WL 50896, at *3-4 (S.D.N.Y. Jan. 22, 2001) (dismissal after 3-month delay).  In this case, the movants sought deposition dates from Danelli since August 2019, and Danelli's withdrawn counsel stated that they had been unable to contact Danelli since November 2019, despite dozens of attempts to reach him.  Danelli also failed to comply with the Magistrate Judge's Order to retain counsel or contact the Pro Se Office.  During this period, Danelli failed to participate in settlement

7

negotiations or conferences.  The duration of Danelli's nonparticipation, which has lasted over a year, weighs in favor of dismissal of Danelli's counterclaims and cross claims pursuant to Rule 41(b).

The second factor is whether the plaintiff was given notice that further delay could result in dismissal.  At the February 21, 2020 conference, this Court made clear that Danelli's claims would be dismissed for failure to prosecute if he could not provide dates for his deposition.  Moreover, the Magistrate Judge warned in separate Orders that Danelli's continued absence and delay could result in a default judgment against him and dismissal of his third-party claims.  ECF Nos. 94, 96.  The Magistrate Judge also warned that Danelli's failure to provide contact information may result in the entry of a default judgment.  Danelli never provided that information.  Accordingly, this factor weighs in favor of dismissal.

The third factor is whether the defending parties would be prejudiced by further delay.  Parties are "prejudiced by further delay" when they have "actively defended [the] case[.]"  Wade v. Nassau Cty., 674 F. App'x 96, 97-98 (2d Cir. 2017).  In this case, further delay would prejudice the movants because they cannot proceed to trial or have meaningful settlement negotiations while the claims against them by a non-participating party are pending.  The movants will also be

8

hampered in the litigation without the ability to pursue discovery against Danelli.  Therefore, the third factor weighs in favor of dismissal.

The fourth factor is the balancing of the need to alleviate docket congestion balanced against the claimant's right to have a day in court.  When the claimant is responsible for the delay, the claimant's interest in an opportunity for a day in court is "diminished in light of his delay and thus [is] outweighed by the court's interest in managing its docket."  Wade, 674 F. App'x at 97-98.  In this case, Danelli has been given multiple opportunities to have his day in court, but he has effectively abandoned his day in court.  Moreover, he has failed to communicate with his former counsel and the Court about his claims.  Therefore, the fourth factor weighs in favor of dismissal.

The fifth factor is whether lesser sanctions could be effective.  In this case, the Magistrate Judge has attempted lesser sanctions.  The Magistrate Judge granted extensions of time for Danelli, gave him multiple avenues to communicate with the Court, and tried to offer him the assistance of the Court's Pro Se Office.  However, Danelli has failed to correspond with the Court.  Danelli's failure to comply with the Court's Orders in the preceding months warrants dismissal of Danelli's counterclaims and third-party claims with prejudice for failure

to prosecute, especially in light of the repeated reminders that Danelli risked dismissal of his claims if he failed to comply with the Orders. This is not a case where dismissal without prejudice would be feasible because Danelli's claims against the remaining parties are intertwined with the plaintiff's desire to proceed without Danelli's participation, and that dispute should be resolved without Danelli's claims casting a cloud on that determination. Therefore, the fifth factor weighs in favor of dismissal.

The Court has considered all of the factors. After careful consideration of those factors, it is plain that dismissal with prejudice of Danelli's counterclaims and third-party claims is appropriate.

### III. Default Judgment

The plaintiff also moves for a default judgment against Danelli. Federal Rule of Civil Procedure 55(a) provides that a default is appropriate where a party has failed to "plead or otherwise defend" an action. Fed. R. Civ. P. 55(a). Courts in this Circuit have "embraced a broad understanding of the phrase 'otherwise defend.'" City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 129 (2d Cir. 2011) (affirming entry of default where the defendants initially defended case but then ceased participation). In determining whether to grant a motion for a default judgment, courts consider three factors: "(1) the

10

willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." Guggenheim Capital, LLC v. Birnbaum, 722 F.3d 444, 455 (2d Cir. 2013); see also Intrepidus, LLC v. Bivins, No. 15-cv-7721, 2017 WL 1608896, at *3 (S.D.N.Y. Apr. 28, 2017).

Under the three-factor test, it is plain that the plaintiff is entitled to a default judgment. First, "[the] [d]efendant['s] failure to make an appearance after [his] previous counsel withdrew and [his] failure to respond to [the plaintiff's] Motion for Default Judgment are indicative of willful conduct." Intrepidus, 2017 WL 1608896, at *3. Second, because Danelli refuses to participate in discovery, "there is no information before the Court indicating that [the defendant has] any meritorious defense." Id. Third, the plaintiff would suffer prejudice without a default because it would not be able to move forward with the litigation, which could prevent Cavaliere and Cornish from being able to tour under the name "The Rascals." Because of Danelli's refusal to participate in this case, the case cannot move forward without a default judgment against him. Although Danelli filed an answer with affirmative defenses, since then, he has not scheduled his deposition, his attorneys have withdrawn due to Danelli's lack of participation, and Danelli has ignored the Magistrate Judge's Orders regarding discovery and his pro se status. This case

11

already has stalled for over a year without Danelli's participation, and given Danelli's failure to comply with the Magistrate Judge's directives, there is no indication that he will participate in the litigation in the future.

Accordingly, Danelli has failed to defend this action, and pursuant to Rule 55(a), the plaintiff is entitled to a default judgment against him.

Separately, the plaintiff also is entitled to a default pursuant to Federal Rules of Civil Procedure 16 and 37. Pursuant to Rule 16(f), a court can issue an order authorized by Rule 37(b)(2)(A)(ii)-(vii) when a party fails to appear at a conference, does not participate in good faith, or fails to comply with a court order. Fed. R. Civ. P. 16(f). One of the sanctions authorized by Rule 37 is the entry of a default judgment. Fed R. Civ. P. 37(b)(2)(A)(vi). Sanctions provided by Rule 37 serve several purposes: to ensure that the parties comply with court orders in the particular case; to serve as a specific deterrent by penalizing those whose conduct warrants sanction; and to provide a general deterrent effect. See National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976); Update Art, Inc. v. Modiin Publishing, Ltd., 843 F.2d 67, 71 (2d Cir. 1988). The imposition of sanctions under Rule 37 lies within the broad discretion of the

trial court.  See Minotti v. Lensink, 895 F.2d 100, 102-03 (2d Cir. 1990).

Danelli has failed to comply with the Magistrate Judge's orders.  The Magistrate Judge provided multiple avenues for Danelli to communicate with the Court, in case he needed further instructions.  Danelli also was given multiple warnings that his noncompliance could result in a default judgment against him.  And there is no indication that Danelli will participate in the case in the future.  Therefore, a default judgment pursuant to Rule 37(b)(2)(A)(vi) is appropriate.

A default judgment is appropriate notwithstanding the fact that Danelli currently is proceeding pro se.  The Court of Appeals has explained that "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions."  McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988).  Nevertheless, because pro se litigants are generally unfamiliar with the procedures and practices of the courts, a court may not dismiss or strike a pro se litigant's claim for failure to comply with discovery orders without first warning the litigant of the consequences of noncompliance.  See Bobal v. Rensselaer Polytechnic Inst., 916

13

F.2d 759, 766 (2d Cir. 1990). In this case, Danelli was given repeated warnings that his failure to participate in the litigation or comply with Orders could result in both dismissal of his affirmative claims and a default judgment against him. Moreover, he is only pro se in this case because he failed to communicate with his counsel or the Court, and his counsel had no choice but to move to withdraw. Therefore, a default judgment, as provided by Rule 37, is appropriate in this case.

Accordingly, the plaintiff is entitled to a default judgment against Danelli. The exact nature and the timing of any default judgment by the plaintiff against Danelli remains to be determined. This litigation proceeds by the plaintiff against Brigati and the judgment against Danelli should not prejudice Brigati. Moreover, the judgment against Danelli should not be entered while the litigation proceeds unless "there is no just reason for delay." Fed. R. Civ. P. 54(b). The parties may brief before the Magistrate Judge the nature and timing of any judgment for the plaintiff against Danelli.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not discussed above, the arguments are either moot or without merit. For the foregoing reasons, the motion by the plaintiff and the third-party defendants to dismiss the counterclaims and third-party claims of Dino Danelli

14

is **granted**.  Those claims are dismissed with prejudice.  The plaintiff's motion for a default judgment against Dino Danelli also is **granted**.  The nature and timing of the default judgment is remanded to the Magistrate Judge for a Report and Recommendation.  The Clerk is directed to close Docket Nos. 83, 103, and 105.

    **SO ORDERED.**

**Dated:**    **New York, New York**
           **January 20, 2021**                            /s/ John G. Koeltl
                                                          **John G. Koeltl**
                                              **United States District Judge**