

Karish & Bjorgum, PC
119 E. Union Street, Suite B
Pasadena, CA 91103
+213.785.8070 Tel
+213.995.5010 Fax
www.kb-ip.com
Eric Bjorgum
+213.785.8072 direct
eric.bjorgum@kb-ip.com

April 15, 2022

Hon. John G. Koeltl
Daniel Patrick Moynihan Courthouse
500 Pearl St.
New York, NY 10007-1312

> Request for Adjournment of Order to Mediation re *Beata Music LLC v. Dino Danelli,.* (18-cv-6354) (JGK)

Dear Judge Koeltl:

We represent Plaintiff and Counterdefendant Beata Music, LLC ("Beata") and Counterdefendants Gene Cornish ("Mr. Cornish") and Felix Cavaliere ("Mr. Cavaliere") in the above-referenced matter. Beata is the only party left with any affirmative claims. On April 5, 2022, the Court ordered the Parties to the mediation program pursuant to L.R. 83.9.

Plaintiff Beata hereby respectfully requests that the Court adjourn the referral to the mediation program. We received an email from the Mediation Program Coordinator on April 6 stating "If this matter is resolving through direct negotiation, or any party intends to request an adjournment or relief from the mediation order, please let us know by 4/8. If not, also by 4/8 please confer and provide a date when all counsel and parties are available for a remote mediation." Because of a mix up at my office, I did not forward this email to opposing counsel until the afternoon of April 8. Nevertheless, opposing counsel Mr. Kramer made himself available over the weekend, and we discussed the mediation on April 10.

Following our discussion, it was apparent that mediation would not be fruitful. Without revealing the contents of our discussions, it is safe to say our views of the case and situation in the marketplace are incompatible with reaching an agreement at this time. Though I'm sure Mr. Kramer would disagree, we believe he is acting in bad faith by setting parameters that would be totally unacceptable and probably waste the time of the Magistrate. My clients do not wish to expend resources on fourth formal attempt to settle. This case was already put into suspension years ago so that the parties could talk settlement, yet here we are. The suspension was lifted after Mr. Kramer canceled an in-person mediation in New York, costing my clients large sums for in plane tickets. We later had two more telephonic settlement conferences with Mag. Judge Freeman, without a result. My recent discussions with Mr. Kramer indicate his practices remain the same.

---

Handwritten annotation by the Court:

The Court will not waste the mediator's time. The case is withdrawn from mediation. The Court will decide the outstanding motions. The parties have it within their power to tell the Court to stop because they had reached a settlement. Otherwise, they can read the Court's decision. So ordered.

John G. Koeltl, U.S.D.J.
4/15/22

April 15, 2022
Letter to Hon. John G. Koeltl
Page **2** of **2**

These parties have been in multiple litigations already, most of which have been resulted in vague and unsatisfactory settlements, leaving loose ends. Further judicial findings in this matter will help put these issues to rest once and for all.

Finally, Defendants do **not** agree with the proposed adjournment of this mediation.

Dated: April 15, 2022

Respectfully submitted,

By: /_s/ Eric Bjorgum_
Eric Bjorgum (Admission *pro hac vice*)
KARISH & BJORGUM, PC
119 E. Union St., Suite B
Pasadena, California 91103
Tel: (213) 785-8070
Email: eric.bjorgum@kb-ip.com

*Attorneys for Plaintiff and Counterdefendant Beata Music, LLC and Counterdefendants Felix Cavaliere and Gene Cornish*